IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEONARD HENSHAW | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  06-0070 |
| | : | |
| JO ANNE B. BARNHART, | : | |
| Commissioner of Social Security | : | |

**<u>MEMORANDUM AND ORDER</u>**

AND NOW, this 22nd day of November, 2006, upon consideration of the brief and statement of issues in support of request for judicial review filed by the plaintiff (Doc. No. 10) and the response and reply thereto (Doc. Nos. 13 and 16), the court makes the following findings and conclusions:

1.  On August 22, 2003, Leonard Henshaw ("Henshaw") filed for disability insurance benefits ("DIB") under Title II, of the Social Security Act, 42 U.S.C. §§ 401-433, alleging an onset date of July 19, 2002.  (Tr. 140-42).  Although the Appeals Council remanded the case after the first hearing, Henshaw's claims were denied throughout the rest of the administrative process, including the administrative hearing held on August 17, 2005 before an administrative law judge ("ALJ").  (Tr. 5-7; 13-15; 80-82; 90-93; 119-21).  Pursuant to 42 U.S.C. § 405(g), on January 6, 2006, Henshaw filed his complaint in this court seeking review of that decision.

2.  In her decision, the ALJ concluded that Henshaw had a severe impairment consisting of degenerative changes of the cervical, thoracic, and lumbar spine.  (Tr. 19 ¶¶ 1-4; 19 Finding 3).[1]  The ALJ further concluded that Henshaw's impairment did not meet or equal a listing and that Henshaw had the residual functional capacity ("RFC") to perform sedentary work with a sit/stand option, no requirement of overhead reaching or handling, and no exposure to heights or hazardous machinery.  (Tr. 20 ¶¶ 1-3; 21 ¶¶ 1-3; 20 Finding 4; 22 Finding 5).  The ALJ determined that Henshaw was not disabled.  (Tr. 30 Finding 11).

3.  The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consol. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)); <u>see also</u> <u>Dobrowolsky v. Califano</u>, 606 F.2d 403, 406 (3d Cir. 1979).  Substantial evidence is more than a mere scintilla but may be less than a preponderance.  <u>See</u> <u>Brown v. Bowen</u>, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  <u>Hartranft v. Apfel</u>, 181 F.3d 358, 360 (3d Cir. 1999); <u>see</u> 42 U.S.C. § 405(g).

---

[1] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

4.      Henshaw raises several arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous. Because the Commissioner did not apply the proper legal standards and because her determination is not supported by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

A.      Henshaw claims that the ALJ erred by improperly discounting the opinions of his treating physicians, William O'Brien, D.O. ("Dr. O'Brien") and Sofia Lam, M.D. ("Dr. Lam"). An ALJ should give a treating physician's opinion great weight, especially when the treating physician offers an expert opinion based on observation of a claimant's condition over a prolonged period of time. Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). Where the opinion of a treating physician conflicts with that of a non-treating or non-examining physician, the ALJ may choose whom to credit but cannot reject the treating doctor's opinion for "no reason or for the wrong reason." Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999) (quoting Mason v. Shalala, 994 F.2d 1058, 1066 (3d Cir. 1993)). In rejecting the opinion of a treating physician, an ALJ cannot make speculative inferences or use the ALJ's own expertise to counter competent medical evidence. Plummer, 186 F.3d at 429.

The ALJ noted that she did not give Dr. O'Brien's opinion, that Henshaw's condition had worsened between April of 2004 and August of 2005, "any substantial weight" because she found it to be inconsistent with the treatment notes in the record. (Tr. 27 ¶¶ 2-3; 504). The ALJ pointed out that after Henshaw received epidural and nerve root injections from Dr. Lam in April and June of 2004, at one appointment, Henshaw reported a 30-40% improvement in his back discomfort and radiating pain. (Tr. 27 ¶2; 503; 543; 550). However, the treatment notes from Drs. O'Brien and Lam reflect that Henshaw reported that his spasms and paravertebral discomfort had not improved and he repeatedly stated that his pain was worse after the injections. (Tr. 521; 539; 540; 550). Additionally, Henshaw testified that after the injections he had new shooting pains that were more severe than before, the increased pain forced him to be in a reclined position to be comfortable, and he could no longer shop with his wife unless he used a motorized cart. (Tr. 41-42; 44). The ALJ also questioned the findings of Drs. O'Brien and Lam regarding straight leg raising. Although the doctors who examined Henshaw found varied results with the straight leg raising test, the diagnoses of an L5-S1 herniation and lumbar radiculopathy were consistent among the doctors who examined Henshaw. (Tr. 27 ¶ 1; 314; 378; 494-95; 503; 571). Although there were some variations between the doctors' findings in the medical record, the overall assessments of Christopher Aland, M.D. ("Dr. Aland") and Robert Salvage, MD ("Dr. Salvage") were not contrary to those of Drs. O'Brien and Lam, and, thus, do not provide substantial evidence for rejecting the treating doctors' conclusions.

Additionally, the court notes that the ultimate disability determination is reserved for the ALJ and a treating physician's opinion on that topic is not entitled to any special significance. 20 C.F.R. §§ 404.1527(e)(1); S.S.R. 96-5p. However, courts in this circuit have consistently held that for an ALJ to conclude that a claimant can perform a certain level of work, there must be medical evidence in the record supporting the conclusion that the claimant can meet the requirements of that level of work. Carter v. Apfel, 220 F.Supp.2d 393, 398 (M.D. Pa. 2000); Pratts v. Barnhart, No. 01-2686, 2003 WL 21904787, at *4 (E.D. Pa. Aug. 1, 2003). The ALJ discounted the opinions of Drs. O'Brien and Lam, that Henshaw could sit, stand, and walk for less than 4 hours in a normal workday, because neither of their "examination findings [were] of such a degree that it would be reasonable to conclude that their assessments were warranted." (Tr. 27 ¶ 1). Although a state agency employee evaluated Henshaw's RFC and determined Henshaw could perform light work, the ALJ acknowledged that since this form was not completed by a doctor, it could not be given great weight. (Tr. 28 ¶ 1; 368-73). The ALJ inferred from the statement by Dr. Aland made in August of 2003, that Henshaw could not return to work at the time, that Dr. Aland meant that although Henshaw could not return to his past work, he

could perform some sustained work activity, and as a result, the ALJ stated she gave Dr. Aland's opinion "considerable weight." (Tr. 24 ¶ 3; 314). This is a speculative inference that is not supported by substantial evidence and cannot be used to reject the opinion of a treating physician. See Plummer, 186 F.3d at 429. Since Dr. O'Brien and Dr. Lam assessments would clearly not permit sustained full-time work, and there is no medical evidence from a doctor in the record supporting the ALJ's conclusion that Henshaw can perform sedentary work, the ALJ's conclusion is not supported by substantial evidence.[2] (Tr. 387; 496). Upon remand, the ALJ should refer Henshaw to an examining physician for a consultative exam to determine Henshaw's capabilities despite his impairments. 20 C.F.R. § 404.1519n(c); Carter, 220 F. Supp. 2d at 399.

   B. After the ALJ examines the results of the consultative exam, the ALJ should determine whether or not a hearing needs to be held to add additional impairments to the hypothetical given to the VE, reexamine the treating doctors' opinions, and reassess Henshaw's and Henshaw's wife's credibility.

Upon careful and independent consideration, the record reveals as above analyzed that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law. As a result, the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g).

Therefore, it is hereby **ORDERED** that:

1. The request for judicial review by Leonard Henshaw is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this order and **JUDGMENT IS ENTERED REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only; and

2. The Clerk of Court is hereby directed to mark this case closed.

               S/Lowell A. Reed, Jr.
               LOWELL A. REED, JR., S.J.

---

[2] Although Joel Kravitz, D.O. ("Dr. Kravitz") initially sent Henshaw back to work stating that he should stand and walk for less than an hour at a time and should not lift more than 10 pounds, Henshaw was unable to perform his job with these accommodations and the ALJ does not cite Dr. Kravitz's opinion as support for her conclusion. (Tr. 215-16). The court notes that when Dr. Kravitz sent Henshaw back to work, Henshaw was instructed to tell his employer or supervisor if he was in a lot of pain and did not feel capable of working. (Tr. 226). Additionally, when Dr. Kravitz opined Henshaw could return to work with limitations, Henshaw had not been diagnosed with a herniated disc or lumbar radiculopathy. (Tr. 212; 223).